IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff/Respondent,<br><br>vs.<br><br>Jesus Humberto Rivera-Carrillo,<br><br>　　　　Defendant/Movant. | No.　CV-13-0945-PHX-ROS (DKD)<br>　　　CR-13-0152-PHX-ROS<br>　　　CR-12-50187-PHX-ROS<br><br>**REPORT AND RECOMMENDATION** |

Jesus Humberto Rivera-Carrillo filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He raises four grounds for relief: (1) his plea was involuntary; (2) his sentence enhancement for a prior conviction violated his protection against double jeopardy; (3) trial counsel was ineffective; and (4) he did not voluntarily waive his right to appeal. The government argues that Rivera-Carrillo knowingly and voluntarily waived his right to file a § 2255 motion and to challenge his sentence, and that counsel was competent in his representation of Rivera-Carrillo. For the reasons stated below, the Court recommends that his motion be denied.

**BACKGROUND**

While on supervised release from a sentence imposed in the District Court of Kansas, Rivera-Carrillo was arrested in Arizona for illegal re-entry (CR 12-50187, Doc. 5). The case was transferred to the District of Arizona and a petition to revoke supervised release was filed on December 19, 2012. On January 30, 2013, pursuant to a plea agreement, Rivera-

1  Carrillo pleaded guilty to illegal re-entry and admitted violating his supervised release (Doc.
2  5, Exh D).

3  During the change of plea colloquy, the Court explained in detail the need for his plea
4  to be voluntarily made. Rivera-Carrillo agreed that the signature on the agreement was his,
5  that the plea agreement had previously been read to him in Spanish, that he understood
6  everything that was in the plea agreement, and that he was satisfied with counsel's
7  representation. He also acknowledged that he understood what charges he would be pleading
8  guilty to, and assured the Court he had not been coerced into taking the plea: that no one had
9  forced him to plead guilty, made threats against him to make him plead guilty, or made any
10 unwritten promises to him to make him plead guilty. He also acknowledged that he
11 understood the elements the government would have to prove, and acknowledged his waiver
12 of the right to an appeal or to any collateral attacks on his sentence. (*Id*., Exh E, TR
13 1/30/2013). The Court found that Rivera-Carrillo knowingly, intelligently, and voluntarily
14 entered a guilty plea to the new charge and an admission to a violation of supervised release
15 (*Id.*). The district court sentenced Rivera-Carrillo to a 45-month term, within the respective
16 recommended guideline ranges (CR 12-50187, Doc. 19; CR 13-0152, Doc. 25).

## DISCUSSION

18 As part of the written plea agreement, Rivera-Carrillo agreed to waive "any right to
19 file an appeal, any collateral attack, and any other writ or motion that challenges ... any
20 aspect of the defendant's sentence, including the manner in which the sentence is determined,
21 including ... motions under 28 U.S.C. § 2255" (Doc 5., Exh E at 4). The government argues
22 that Rivera-Carrillo expressly waived his right to file a § 2255 petition as part of his plea
23 agreement. Courts will generally enforce the plain language of a plea agreement if it is clear
24 and unambiguous on its face, *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000), and
25 the waiver is knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th
26 Cir. 2004). However, "[a] plea agreement does not waive the right to bring a § 2255 motion
27 unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The

1 Ninth Circuit has expressed doubt that a defendant, by entering into a plea agreement, could
2 waive certain claims of ineffective assistance of counsel brought pursuant to a § 2255
3 motion, notwithstanding an express plea waiver that covered all of a defendant's waivable
4 statutory rights to file a petition pursuant to § 2255 challenging his conviction or sentence.
5 However, those claims which are not waivable are limited to ones either challenging the
6 knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself.
7 *See United States v. Jeronimo*, 398 F.3d 1149, 1156-57 n.4 (9th Cir. 2005), *citing United*
8 *States v. Pruitt*, 32 F.3d at 433.

9 Only one of Rivera-Carrillo's claims is an ineffective assistance claim. The remaining
10 claims are not reviewable, as he expressly waived them as part of the plea agreement. *Pruitt*,
11 32 F.3d at 433. The only aspects of Rivera-Carrillo's ineffective assistance claim that the
12 Court can review concern the voluntariness of his waiver and the voluntariness of the
13 agreement itself. A review of the plea colloquy demonstrates that Rivera-Carrillo stated
14 under oath that the plea was read to him in Spanish, that he understood the terms, that he
15 understood everything that was in the plea agreement, that he was satisfied with the
16 representation of counsel, that he understood the charges against him, and that he had no
17 questions about the plea.

18 His claim that counsel spoke in "broken Spanish" is belied by the record. Counsel is
19 fluent in Spanish and was so at the time of the change of plea hearing (Doc. 5, Exh F).
20 Rivera-Carrillo also expressly stated that the agreement was read to him in Spanish, and that
21 he was satisfied with counsel's representation. The record supports the Court's finding of
22 a plea agreement entered into voluntarily and intelligently. A review of the change of plea
23 colloquy also supports the conclusion that his waiver of the right to appeal or collaterally
24 attack his sentence was knowingly made. Even if he may not have understood the alleged
25 "broken Spanish" of his lawyer, the plea's appeal waiver was interpreted for him in open
26 court by the official court interpreter into the Spanish language. The advice he received was
27 within the range of competence demanded of counsel in criminal cases. *Jeronimo*, 398 F.3d

1 at 1155. In any event, he has not demonstrated any resulting prejudice. The district court
2 sentenced him to 41 months for the new offense and four months for the supervised release
3 violation, both at the low-end of the guideline ranges. Therefore, the Court recommends that
4 Rivera-Carrillo's motion be denied.

5 **IT IS RECOMMENDED** that Jesus Humberto Rivera-Carrillo's Motion to Vacate,
6 Set Aside or Correct Sentence be denied (Doc. 1).

7 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
8 to proceed *in forma pauperis* on appeal be **denied** either because dismissal of the Petition is
9 justified by a plain procedural bar and jurists of reason would not find the ruling debatable,
10 or because Rivera-Carrillo has not made a substantial showing of the denial of a
11 constitutional right.

12 This recommendation is not an order that is immediately appealable to the Ninth
13 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
14 Appellate Procedure, should not be filed until entry of the district court's judgment. The
15 parties shall have fourteen days from the date of service of a copy of this recommendation
16 within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1);
17 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
18 days within which to file a response to the objections. Failure timely to file objections to the
19 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
20 and Recommendation by the district court without further review. *See United States v.*
21 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
22 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
23 to appellate review of the findings of fact in an order or judgment entered pursuant to the
24 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

25 DATED this 9th day of January, 2014.

26
27 _____
David K. Duncan
28 United States Magistrate Judge